UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

       - against -                              **MEMORANDUM & ORDER**
                                                 20-CR-374 (PKC)

KAIAM DONOVAN,

                Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Defendant Kaiam Donovan has filed a *pro se* motion seeking to dismiss the indictment, to inspect the grand jury minutes, and for a Bill of Particulars. For the reasons discussed herein, Defendant's motion is denied in its entirety.

## BACKGROUND

      On October 16, 2020, Defendant was arraigned on a two-count indictment in this case charging him with one count of conspiring to distribute and possess with intent to distribute cocaine base and one count of distributing and possessing with to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. (Indictment, Dkt. 3.) On July 22, 2021, though represented by counsel, Defendant moved *pro se* to dismiss the Indictment, to inspect the grand jury minutes, and for a Bill of Particulars. (Dkt. 38.) Again, on September 28, 2021, though still represented by counsel, Defendant, acting *pro se*, renewed his motion to dismiss, this time articulating different grounds than in his first motion.[1] (Dkt. 44.) On October 22, 2021, over a year after the original Indictment, a grand jury returned a Superseding Indictment that no longer

---

[1] Defendant filed his motion to dismiss the Indictment before the Superseding S-1 Indictment was returned. As discussed below, the return of the S-1 Indictment substantially moots his motion to dismiss.

contained a conspiracy charge and instead contained three separate substantive distribution charges, each on a different date.[2] (S-1 Indictment, Dkt. 50.)

Three times during this prosecution, Defendant requested, and the Court granted, appointment of new counsel. (*See* Dkts. 18, 26, 27, 40, 42; Minute Entries dated 2/24/2021, 9/9/2021.) At the same time, Defendant intermittently indicated that he wished to represent himself, including after the appointment of Defendant's fourth and current attorney, Kelley Sharkey. (*See* Dkts. 26, 40; Minute Entry dated 9/9/2021.) The Court scheduled a *Faretta* hearing for November 3, 2021,[3] but kept Ms. Sharkey on as shadow counsel. On November 2, 2021, Ms. Sharkey filed a letter indicating that the hearing was unnecessary because Defendant was now requesting that she represent him, and requesting that the next conference be adjourned until November 9, 2021. (*See* Dkt. 52.) At that conference, the Court confirmed with Ms. Sharkey and Defendant that he no longer wished to represent himself and that Ms. Sharkey was going to represent Defendant going forward, including at his trial, which is scheduled to begin with jury selection on December 27, 2021. (*See* Minute Entry dated 11/9/2021.) The Court also confirmed with Defendant that he still wished to go forward with the trial as scheduled, despite the fact that Ms. Sharkey had only been appointed to represent him on September 9, 2021. Ms. Sharkey also confirmed that Defendant did not wish to withdraw his previously filed *pro se* motion to dismiss the Indictment, to inspect the grand jury minutes, and for a Bill of Particulars.

---

[2] The original Indictment contained a single substantive Section 841 charge, alleging conduct between May 7, 2020 and July 21, 2020, involving a total of 28 grams or more of cocaine base. The three separate Section 841 counts contained in the S-1 Indictment charge conduct on March 27, 2020, May 12, 2020, and May 20, 2020. Thus, the effect of the re-charging is that all counts in the original Indictment were withdrawn and replaced by those in the S-1 Indictment.

[3] At Ms. Sharkey's request, the *Faretta* hearing was adjourned until November 9, 2021. (*See* Dkt. 52; 11/2/2021 Docket Entry.)

## DISCUSSION

**I.     Defendant's Motion to Dismiss**

Liberally construed, Defendant makes the following arguments in support of his motion to dismiss the Indictment: (1) Congress lacked the authority to enact the drug trafficking laws that Defendant has been charged with violating; (2) the conspiracy charge in Count One of the original Indictment lacks specificity; (3) the substantive drug distribution charge in Count Two of the original Indictment is duplicitous; and (4) the Speedy Trial Act has been violated in this case. None of these arguments have merit.

As an initial matter, Defendant's second and third arguments regarding Counts One and Two of the original Indictment are moot in light of the Superseding S-1 Indictment, which eliminated the conspiracy charge and now charges only three separate Section 841(a)(1) violations, each on a different date, instead of a drug trafficking charge involving multiple transactions over a period of time.[4] That leaves only Defendant's constitutionality and speedy-trial arguments, neither of which has merit.

First, Defendant is simply incorrect that Congress lacked the authority to pass Section 841(a)(1). (Dkt. 38, ¶¶ 11–15 (questioning how Congress can grant authority to the government

---

[4] Even if these arguments were not moot, they are meritless. Count One of the original Indictment was not deficient because it did not name Defendant's co-conspirators. (Dkt. 44 at 3–4); *see United States v. Zullo*, 581 Fed. App'x 70, 71 (2d Cir. 2014) (summary order) ("An indictment charging § 846 need only allege the existence of 'a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated.'" (brackets omitted) (quoting *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975)). Although Count Two of the original Indictment charged multiple sales of drugs in a single count, that count was not duplicitous, because the Government alleged that those sales were "part of a single continuing scheme." *See United State v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (finding it permissible to aggregate two heroin sales in a single substantive count where the "sales were part of a single continuing scheme"); *see also United States v. Moore*, 618 Fed. App'x 726, 727 (2d Cir. 2015) (summary order).

to "prosecute drug felonies" where intrastate and interstate drug trafficking "'cannot' be differentiated"); *see United States v. Walker*, 142 F.3d 103, 111 (2d Cir. 1998) ("Congress was within its power under the Commerce Clause in enacting 21 U.S.C. § 841(a)(1)," and "local narcotics activity substantially affects interstate commerce."). Furthermore, the fact that Defendant can be prosecuted by state authorities for the same drug trafficking activity alleged in this case does not preclude his federal prosecution for that conduct. *See Cireneo v. United States*, No. 02-CV-6327 (RCC), 2005 WL 1214320 (S.D.N.Y. May 19, 2005) ("Petitioner's contention that the Court lacked subject matter jurisdiction to sentence him because only state authorities can punish him for his offense has also been rejected." (citing *Henriquez v. United States*, No. 03-CV-478 (DC), 2003 WL 21242722, at *7 (S.D.N.Y. May 29, 2003)). Lastly, to the extent Defendant is arguing that this Court lacks the authority to preside over this prosecution, he is again incorrect. (Dkt. 38, ¶¶ 21–22 (questioning whether the "current federal 'United States district court Eastern District of New York' [is] a Constitutional court 'ordained and established' under Article 3" and whether it is a "legislative court created by Congress pursuant to their 'exclusive legislative' powers under Article I section 8 clause 17").) Pursuant to Article III of the Constitution and a grant of subject matter jurisdiction by Congress under Article I, Section 8, Clause 9 of the Constitution, this Court has the authority to preside over this prosecution, which is brought under federal criminal law. *See* U.S. Const. art. III; *see also United States v. Georgescu*, 723 F. Supp. 912, 919 (E.D.N.Y. 1989) (confirming district court's authority, as conferred by Article III and Congress, to preside over "a prosecution under a federal criminal statute").

Second, Defendant's speedy trial rights have not been violated, even though trial has not commenced within 70 days of the original or Superseding S-1 Indictments. (Dkt. 44 at 7–10 (citing 18 U.S.C. § 3161(c)).) Throughout this prosecution, the Court has excluded periods of time in

which trial must commence as being in the interest of justice to allow Defendant's multiple different counsel to familiarize themselves with his case and review the discovery with him, as well as to allow for plea negotiations between the parties. (*See* Minute Entries dated 11/2/2020, 11/6/2020, 12/18/2020, 5/17/2021, 6/21/2021, 7/21/2021, 9/9/2021, 11/9/2021); *see* 18 U.S.C. § 3161(h)(7) (authorizing court to exclude time where it is in interests of justice to do so). Indeed, Defendant consented to each of these exclusions of time. *See United States v. Palmer*, No. 20-CR-379 (MKV), 2021 WL 1614837, at *4 (S.D.N.Y. Apr. 26, 2021) (finding Speedy Trial Act not violated where defendant consented to exclusion of time). Even without Defendant's consent, there is no speedy-trial violation where the district court makes findings, as here, that the exclusion of time is in the interest of justice. *See United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013).[5] Finally, the Court notes that Defendant's assertion that the trial in this matter has been delayed because of the Government's lack of preparation or willingness to go to trial, or "prosecutorial misconduct," is utterly meritless and without any basis in the record. (Dkt. 44 at 9.)

Thus, because Defendant fails to identify any basis for dismissing the original or Superseding S-1 Indictments, his motion is denied.

## II.     Defendant's Motion to Inspect the Grand Jury Minutes

Defendant moves to inspect the grand jury minutes in this case. (Dkt. 38, ¶¶ 7–10.) Defendant, however, provides no justification for this request, and it therefore must be denied.

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Ulbricht*, 858 F.3d 71, 106 (2d Cir. 2017) (brackets and citation

---

[5] In addition, as the Government correctly notes in its opposition, during the entire pendency of this case, the Chief Judge of this district has issued Administrative Orders continuously excluding speedy trial time, as being in the interests of justice, "due to the ongoing COVID-19 pandemic and the need to limit the number of trials occurring at once to protect the safety of the community and the defendant." (Government's Opposition, Dkt. 57, at 13.)

omitted), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018). Therefore, a defendant seeking the disclosure of grand jury material must demonstrate a "particularized need" for that material to "avoid a possible injustice in another judicial proceeding," and must also show "that the need for disclosure is greater than the need for continued secrecy[] and that [his] request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979); *see United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) ("[A] defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978))).

Here, Defendant has failed to meet this burden. Indeed, he has not articulated any reason for allowing him to inspect the grand jury minutes as to either the original or Superseding S-1 Indictment. Rather, he simply states, in sum, that he wants to see if some type of impropriety or illegality occurred during the grand jury proceedings. Such a speculative purpose plainly is insufficient to justify the inspection of grand jury minutes.[6] Accordingly, because Defendant has failed to identify a "particularized need" to inspect the grand jury proceedings in this case, that request is denied.

### III. Defendant's Motion for a Bill of Particulars

Defendant seeks a Bill of Particulars that provides "information about any person that the Government will claim aided, abetted, or assisted defendant." (Dkt. 38, ¶ 6.)

Federal Rule of Criminal Procedure 7(f) allows a defendant to seek a bill of particulars to enable the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double

---

[6] Furthermore, to the extent Defendant argues that he should be permitted to inspect the minutes to see if the Government "resorted" to hearsay testimony, that argument is unavailing, since hearsay testimony is admissible before a federal grand jury. *See Kaley v. United States*, 571 U.S. 320, 338 (2014).

jeopardy should [the defendant] be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam) (citations omitted); *see also United States v. Shkreli*, No. 15-CR-637 (KAM), 2016 WL 8711065, at *4 (E.D.N.Y. Dec. 16, 2016) (noting that the purpose of a bill of particulars is threefold (citation omitted)). The defendant has the burden of showing that "the information sought is necessary" and that they "will be prejudiced without it." *Shkreli*, 2016 WL 8711065, at *4 (quoting *United States v. Fruchter*, 104 F. Supp. 2d 289, 312 (S.D.N.Y. 2000)).

"[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citations omitted). A bill of particulars, moreover, is not a mechanism to compel the Government to disclose "the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories." *United States v. Taylor*, 17 F. Supp. 3d 162, 179 (E.D.N.Y. 2014) (quoting *United States v. Muhammad*, 903 F. Supp. 2d 132, 137 (E.D.N.Y. 2012)). In other words, a bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial." *Id.* at 178; *see also United States v. Pimentel*, No. 99-CR-1104 (SJ), 2001 WL 185053, at *4 (E.D.N.Y. Jan. 22, 2001) (holding that defendant cannot use bill of particulars as a general investigative tool or a pre-trial discovery mechanism). At the same time, if information is necessary to the defendant's ability to prepare an adequate defense, "it is of no consequence" that such information may also disclose evidence or the theory of the prosecution. *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court."

7

*Bortnovsky*, 820 F.2d at 574; *see also Walsh*, 194 F.3d at 47 (noting that a decision on a bill of particulars "is reviewed for an abuse of discretion" (citing *Barnes*, 158 F.3d at 665–66)).

Here, Defendant has been adequately informed of the nature of the charged crimes in the Superseding S-1 Indictment through the discovery provided by the Government, which has included video recordings of each of the three alleged drug transactions, the lab reports for the narcotics that Defendant allegedly sold to the undercover officer, surveillance video of Defendant, and Defendant's text messages with the undercover officer and others relating to Defendant's drug purchasing and sales. (Dkt. 57 at 6–7.) The Government also provided detailed information about the charged offenses in its 23-page Complaint and Affidavit in Support of an Arrest Warrant and a Search Warrant (Dkt. 1) and its October 15, 2020 detention memorandum (*see generally* Dkt. 12 (discussing the information in the detention memorandum)). Collectively, this information is more than sufficient to enable Defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [Defendant] be prosecuted a second time for the same offense." *Bortnovsky*, 820 F.2d at 574 (citations omitted). While Defendant asks that he be provided information about any individuals whom the Government claims assisted Defendant in carrying out the alleged drug offense sales, Defendant is not entitled to know exactly how the Government intends to prove its case against him. *See Taylor*, 17 F. Supp. 3d at 179 (finding that bill of particulars should not be used to compel government to disclose "the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories").[7]

---

[7] The Court finds Defendant's reliance on *United States v. Tucker*, 262 F. Supp. 305 (S.D.N.Y. 1966) unavailing. There, the court granted the defendant's request for a bill of particulars providing the names of "all persons who either took part in or were present at the time of the transactions alleged." *Id.* at 306–07. Although the court noted that "the courts of this circuit

Accordingly, because Defendant has failed to demonstrate that he has been by deprived of any "necessary" information that he "will be prejudiced without," *Shkreli*, 2016 WL 8711065, at *4, his request for a Bill of Particulars is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Kaiam Donovan's motion to dismiss the indictment, to inspect grand jury minutes, and for a Bill of Particulars.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 3, 2021
      Brooklyn, New York

---

have uniformly denied to defendants the type of information requested," it exercised its discretion "[i]n spite of this long line of authority." *Id.* at 307. Even were the Court here similarly inclined to reject "this long line of authority," the Second Circuit has since clarified that "a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quotation marks and citation omitted). As noted, the Government here provided Defendant with video recordings of the alleged transactions, and with his text messages with the undercover officer and others regarding the transactions.